UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LOPEZ,
    Plaintiff,

vs.

LION 590, LLC and 21 BABYLON LLC,
    Defendants.

## COMPLAINT

Plaintiff, DANIEL LOPEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, LION 590, LLC and 21 BABYLON LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.**  This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.**  The subject property is a restaurant located at 560 Washington Avenue, Miami Beach, FL 33139 (hereinafter, the "Subject Premises").

**3.**  All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

**4.**  Plaintiff, DANIEL LOPEZ, is over the age of 18, *sui juris*, and a resident of Maimi-Dade County, Florida. Plaintiff is a double-leg amputee from above the knee, requires the use of a

1

wheelchair for mobility purposes, and is a qualified individual under the ADA.

5. Defendant, LION 590, LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

6. Pursuant to the Miami-Dade County Property Appraiser's Office, Defendant, LION 590, LLC, is the owner of the Subject Premises.

7. Defendant, 21 BABYLON LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the restaurant "PICKLE LOUNGE AND RESTAURANT" located at Subject Premises.

8. According to the Florida Department of Business and Professional Regulation, the Defendant, 21 BABYLON LLC, d/b/a PICKLE MEDITERRAEGEAN [sic] CUISINE, was issued a Permanent Food Service Seating license on February 10, 2021 for the Subject Premises.

9. Pickle Lounge and Restaurant, located at 560 Washington Avenue in Miami Beach, Florida, is a Mediterranean dining destination that blends traditional Aegean flavors with contemporary culinary techniques. The menu features a variety of dishes inspired by Turkish, Greek, Israeli, and Armenian cuisines, including octopus carpaccio, shakshuka hummus, and wood-fired lamb skewers. The restaurant's ambiance is characterized by bold design elements such as leopard-print wallpaper and crystal chandeliers, complemented by an outdoor garden. The Plaintiff appreciates the quality of the cuisine and the unique atmosphere at Lounge and Restaurant. However, despite the Plaintiff's appreciation for the establishment, significant accessibility barriers hinder his ability to fully enjoy the dining experience, in violation of the ADA

**FACTUAL ALLEGATIONS AND CLAIM**

10. On or about November 2, 2024, and again on April 16, 2025, Plaintiff, in his

individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

11. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

13. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

14. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

15. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

16. As the Subject Premises was designed, constructed, and received its State Licensure in 2021, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

17. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

18. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

19. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

20. On or about November 2, 2024, and again on April 16, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

21. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

22. Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

23.     Defendants, LION 590, LLC and 21 BABYLON LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

24.     LION 590, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

25.     21 BABYLON LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

26.     The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Accessible Parking**

**i. Inaccessible Accessible Parking Spaces**
Plaintiff encounters barriers parking safely because the accessible parking spaces have excessive surface slopes exceeding 2% in all directions. This is a violation of §4.6.3 of the ADAAG and §502.4 of the 2010 ADA Standards. Regrading or repaving the parking spaces is readily achievable.

**ii. Inaccessible Access Aisles**
Plaintiff experiences unsafe conditions exiting and entering a vehicle because the access aisles adjacent to the parking spaces have slopes greater than 2%. This is a violation of §4.6.3 of the ADAAG and §502.4 of the 2010 ADA Standards. Correcting the slopes is readily achievable.

**iii. Accessible Parking Spaces Not Properly Marked**
Plaintiff and other mobility-impaired individuals are hindered from identifying accessible

parking spaces due to missing required signage and faded pavement markings. This is a violation of §4.6.4 of the ADAAG and §502.6 of the 2010 ADA Standards. Re-striping and installing compliant signage is readily achievable.

### Exterior Accessible Route

**iv. Non-Compliant Cross Slope on Accessible Route**
Plaintiff's ability to traverse the accessible route to the entrance is impeded because the cross slope exceeds the 2% maximum. This is a violation of §4.3.7 of the ADAAG and §403.3 of the 2010 ADA Standards. Reworking the accessible route is readily achievable.

**v. Excessive Vertical Change in Level**
Plaintiff and others encounter unsafe conditions traveling along the accessible route due to abrupt vertical changes exceeding 1/2 inch without proper beveling or ramping. This is a violation of §4.5.2 of the ADAAG and §303.4 of the 2010 ADA Standards. Modifying the surface is readily achievable.

### Ramp and Landing

**vi. Ramp Has Excessive Surface and Cross Slope**
Plaintiff and other disabled persons have unsafe conditions using the ramp because both the running slope and cross slope exceed allowable limits. This is a violation of §4.8.2 and §4.8.6 of the ADAAG and §405.2 and §405.3 of the 2010 ADA Standards. Re-grading the ramp is readily achievable.

**vii. Ramp Lacks Required Handrails**
Plaintiff lacks necessary support when ascending and descending the ramp because required handrails are missing. This is a violation of §4.8.5 of the ADAAG and §405.8 of the 2010 ADA Standards. Installing compliant handrails is readily achievable.

**viii. Ramp Landing Has Excessive Slope**
Plaintiff is exposed to unsafe stopping conditions at the ramp landing because it exceeds the 2% maximum slope allowed. This is a violation of §4.8.4 of the ADAAG and §405.7.1 of the 2010 ADA Standards. Re-grading the landing is readily achievable.

### Main Entrance

**ix. Inadequate Maneuvering Clearance at Entrance Door**
Plaintiff faces barriers operating the entrance door independently because the pull-side maneuvering clearance is insufficient. This is a violation of §4.13.6 of the ADAAG and §404.2.4 of the 2010 ADA Standards. Adjusting the entrance layout is readily achievable.

### Sales and Service Counter

**x. No Lowered Accessible Portion at Sales Counter**
Plaintiff and other disabled individuals encounter obstacles completing transactions

because the sales counter lacks a lowered section for forward approach. This is a violation of §7.2 of the ADAAG and §904.4.1 of the 2010 ADA Standards. Modifying the counter is readily achievable.

**Restroom – General**

**xi. Inaccessible Restroom Entrance Door**
Plaintiff is impeded from proper access to the restroom independently because the entrance door fails to provide the minimum 32 inches of clear width and necessary maneuvering clearance. This is a violation of §4.13.5 and §4.13.6 of the ADAAG and §404.2.3 and §404.2.4 of the 2010 ADA Standards. Reworking the door configuration is readily achievable.

**xii. Narrow Travel Path to Fixtures**
Plaintiff and other mobility-impaired individuals encounter barriers maneuvering within the restroom because the travel path to the fixtures is narrower than 36 inches. This is a violation of §402.1, §402.2, §403.1, and §403.5.1 of the ADAAG and 2010 ADA Standards. Widening the route is readily achievable.

**xiii. Inaccessible Lavatories**
Plaintiff experiences obstacles using the lavatories because they are mounted too high above the finished floor and lack compliant knee clearance for forward approach. This is a violation of §4.19.2 of the ADAAG and §606.2 of the 2010 ADA Standards. Lowering or modifying the lavatories is readily achievable.

**xiv. Paper Towel Dispenser Mounted Too High**
Plaintiff and other disabled individuals are hindered from easily reaching the paper towel dispenser because it is mounted above the 48-inch maximum reach range. This is a violation of §308.2.1 and §308.2.2 of the 2010 ADA Standards. Lowering the dispenser is readily achievable.

**Toilet Compartments**

**xv. Inaccessible Toilet Compartments**
Plaintiff encounters barriers entering and maneuvering within the two toilet compartments because the doors are too narrow, swing into the clear space, and lack required maneuvering room. This is a violation of §604.8.1.1, §604.8.1.2, §404.2.3, and §404.2.4 of the ADAAG and 2010 ADA Standards. Reconfiguring the compartments is readily achievable.

**xvi. Insufficient Compartment Size**
Plaintiff and other disabled persons are hindered from safely using the two toilet compartments because the compartments are smaller than the minimum 60 inches wide by 56 inches deep required for wall-mounted toilets. This is a violation of §604.8.1.1 of the ADAAG and 2010 ADA Standards. Enlarging the compartments is readily achievable.

### xvii. Inaccessible Water Closets
Plaintiff's ability to safely transfer to the water closets is compromised because the necessary 60-inch side clearance and 56-inch rear clearance are not provided. This is a violation of §604.3.1 of the ADAAG and 2010 ADA Standards. Reconfiguring the layout is readily achievable.

### xviii. Missing Grab Bars
Plaintiff and other mobility-impaired individuals lack necessary support because the toilet compartments are missing required rear and side grab bars. This is a violation of §604.5 and §609 of the ADAAG and 2010 ADA Standards. Installing compliant grab bars is readily achievable.

### xix. Improper Location of Plumbing Valves
Plaintiff encounters hazards due to plumbing valves improperly positioned directly behind the toilet seats, creating unsafe conditions for users. This is a violation of §604.6 (Advisory) of the ADAAG and 2010 ADA Standards. Relocating or shielding the valves is readily achievable.

27. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

28. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

29. Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities.

Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

30. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

31. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

32. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

33. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

34. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and

awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

                                            Respectfully submitted,

                                            /s/ Lauren N. Wassenberg
                                            Lauren N. Wassenberg, Esq. (FBN: 34083)
                                              *Attorney for Plaintiff*
                                            Lauren N. Wassenberg & Associates, P.A.
                                            33 SE 4th St., Ste. 100
                                            Boca Raton, Florida 33432
                                            844-702-8867
                                            WassenbergL@gmail.com